PER CURIAM.
Biagio Mentó petitions this court for a writ of mandamus compelling the circuit court to rule on his motion for postconviction relief, which he had reason to believe was still pending. We grant the petition.
In April 2002, Mentó filed a motion for postconviction relief, which the circuit court (the Honorable Kenneth D. Stern) denied in an order dated February 25, 2003. If the order was rendered on the same date, Mentó had until March 27, 2003, in which to appeal. Prior to that date, however, two other things transpired: on March 12, he filed his reply to the State’s response and, in an order dated March 21, the circuit court noted that it had received and reviewed Mento’s reply and ordered the State to file another response. Thus, it would have been reasonable for Mentó to assume that the circuit court was treating his reply as a motion for rehearing (for which it was timely filed, see Fla. R.Crim. P. 3.850(g)), deferring rendition of the order of denial until the circuit court should rule again, see Fla. R.App. P. 9.020(h)(1).
Not only did the circuit court order a response, but it granted the State no fewer than three extensions of time in which to respond. Finally, in December 2003, the State responded that it had no further argument. Nevertheless, the circuit court took no further action on the motion, and in March 2004, Mentó filed the instant petition for writ of mandamus with this court, seeking to compel the circuit court to rule. As he explained in a recent letter to the currently assigned circuit court judge, the Honorable Jorge Labarga, he had filed his motion two years earlier, believing a corrected scoresheet would entitle him to a non-prison sanction, he had obtained no relief from his prison sentence, and still he could not appeal.
Rather than entering a new ruling on the postconviction motion, the successor judge instead issued an order and then an amended order, both purporting to deny the petition for writ of mandamus which remains before this court,[1] in which the successor judge explained that the predecessor judge’s order requiring a second State response was issued in error and that the February 2003 denial was meant to be the final disposition of his motion. With all due respect to the successor judge’s analysis, that is not at all apparent, especially in view of the extensions of time which the predecessor judge granted, none of which would have been necessary if the *327 March 21, 2003 order actually had been issued in error.
We agree that Mentó is entitled to a new ruling on his postconviction motion, so that if it is again adverse he may file a timely notice of appeal. We therefore grant the petition and direct the circuit court forthwith to treat Mento’s reply as a timely motion for rehearing and issue an order resolving that motion.[2]
STEVENSON, SHAHOOD and MAY, JJ., concur.

. Mentó has stated under oath that he filed no petition for writ of mandamus in the circuit court, and the State has not disputed that statement.

. We also treat Mento's petitions to strike the two orders with which the circuit court judge purported to resolve the instant mandamus petition as motions to vacate those orders and grant them, since the lower tribunal did not have the authority to rule on a petition pending before this court.